**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA S. L.,** | ) | |
| | ) | **No. 20 C 3888** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Tonya S. L. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On March 31, 2014, plaintiff filed an application for benefits alleging a disability onset date of January 2, 2013. (R. 105-06.) Her application was denied initially, on reconsideration, and after a hearing. (R. 19-27, 113, 123.) The Appeals Council declined review (R. 1-4), and plaintiff appealed to this Court, which remanded the case for further proceedings. (R. 1132-33, 1143.)

On May 9, 2019, the ALJ held a second hearing on plaintiff's application. (R. 1056-1107.) On June 18, 2019, the ALJ again denied plaintiff's application. (R. 1037-49.) The Appeals Council declined review (R. 1125-28), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between February 1, 2017 and June 30, 2018. (R. 1040.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease of the cervical spine; major joint dysfunction of the right hip and obesity." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 1041.) At step four, the ALJ found that plaintiff has the RFC to perform sedentary work with certain exceptions, is capable of performing her past relevant work as a repair dispatcher, and thus she is not disabled. (R. 1041-42, 1047-49.)

Plaintiff contends that the ALJ provided no basis for the RFC finding that plaintiff could perform sedentary work if, "every 30 minutes, she [is] allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task." (*See* R. 1042); *see also* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996) (requiring "[t]he RFC assessment [to] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)"). The evidence the ALJ cited for this part of the RFC is plaintiff's testimony that after sitting for an hour, she needed to walk around for five to seven minutes before she could resume sitting. (*See* R. 1043, 1088.) The ALJ did not, however, cite any evidence for reducing by half the time plaintiff said she needed to stand each hour or asserting that plaintiff could remain on task while standing. Absent such evidence, there is no "logical bridge" between the record evidence and the ALJ's RFC determination. *Villano*, 556 F.3d at 562. Moreover, because the ALJ incorporated these unsupported assumptions into the hypothetical questions he posed to the vocational expert ("VE") (*see* R. 1097-98), the VE's testimony and the conclusions the ALJ drew from it, *i.e.*, that plaintiff could perform her past relevant work and other jobs that

exist in significant numbers in the national economy, are also unsupported. Because the government does not meaningfully attempt to defend the ALJ's reasoning or opinion, we do not have any cogent argument to address in defense of the ALJ's opinion. Accordingly, this case must be remanded for reconsideration of the RFC.[1]

### Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, denies the Commissioner's motion for summary judgment [14], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Order.

**SO ORDERED.**                                        **ENTERED:  March 31, 2021**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Because this issue is dispositive, the Court need not decide the others raised by plaintiff.